United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 25, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 05-51010
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JIMMY DYRAL WOMACK,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:05-CR-35-1
---------------------

Before DAVIS, SMITH, and WIENER, Circuit Judges.

PER CURIAM:[*]

Jimmy Dyral Womack appeals his guilty-plea conviction and
sentence for being a felon in possession of a firearm in
violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2).  The district
court imposed an enhanced sentence of 300 months of imprisonment
under § 924(e)(1).  Womack argues that § 924(e)'s treatment of
prior violent felony and serious drug offense convictions as
sentencing factors rather than elements of the offense is

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

unconstitutional in light of <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

Womack's constitutional challenge is foreclosed by <u>Almendarez-Torres v. United States</u>, 523 U.S. 224, 235 (1998). Although Womack contends that <u>Almendarez-Torres</u> was incorrectly decided and that a majority of the Supreme Court would overrule <u>Almendarez-Torres</u> in light of <u>Apprendi</u>, we have repeatedly rejected such arguments on the basis that <u>Almendarez-Torres</u> remains binding.  <u>See</u> <u>United States v. Garza-Lopez</u>, 410 F.3d 268, 276 (5th Cir.), <u>cert. denied</u>, 126 S. Ct. 298 (2005).  Womack properly concedes that his argument is foreclosed in light of <u>Almendarez-Torres</u> and circuit precedent, but he raises it here to preserve it for further review.

The judgment of the district court is AFFIRMED.